FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2017 JUN 15  AM 11:49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**TIMOTHY SHAULIS,**

     **Plaintiff,**

**vs.**

**CASE NO.:** 8:17 cv 1421 T 36 AEP

**ORACLE AMERICA, INC.,**

     **Defendant.**

_____/

### COMPLAINT

**COMES NOW,** Plaintiff, TIMOTHY SHAULIS, by and through his undersigned attorney, and sues the Defendant, ORACLE AMERICA, INC., a Foreign corporation (hereinafter referred to collectively as "ORACLE" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.    Plaintiff, TIMOTHY SHAULIS ("SHAULIS"), is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.    Defendant, ORACLE AMERICA, INC., is a Foreign Profit corporation authorized

TRA - Y4120
#400

and doing business in this Judicial District.

5.     At all times material, Plaintiff, TIMOTHY SHAULIS, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6.     At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.     At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8.     Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9.     Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

10.     Plaintiff, TIMOTHY SHAULIS, began his employment with Defendant in 2004.

11.     At all times material, Plaintiff worked at Defendant's facility in Tampa, Florida as Regional Sales Director until his termination on or around December 2, 2016.

12.     Plaintiff excelled in this position.

13.     Plaintiff's immediate supervisor was Tim Brown, Group Vice President, Business Analytics.

14.     During mid-2016, Plaintiff began suffering from a serious health condition.

15.     Plaintiff's supervisors were well-aware that Plaintiff was coping with personal and health issues.

16.     In fact, Plaintiff's supervisor, Tim Brown actively encouraged Plaintiff to seek medical treatment for his serious medical condition.

17.     In or around early November, 2016, Plaintiff's health condition deteriorated.

18.     As a result, on or around November 9, 2016, Plaintiff informed his supervisor, Tim Brown, that he would require medical leave to seek treatment for his serious health condition.

19.     Plaintiff immediately sought, and was approved for FMLA leave through The Hartford, Defendant's third-party FMLA administrator.

20.     On November 15, 2016, Plaintiff entered an in-patient healthcare treatment facility.

21.     On December 2, 2016, while on FMLA leave, Tim Brown terminated Plaintiff after 13-years of employment.

**COUNT I**
**FAMILY MEDICAL LEAVE ACT – INTERFERENCE[1]**

22.     Plaintiff, TIMOTHY SHAULIS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

23.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

24.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

25.     Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

26.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

---

[1] Plaintiff also intends to file a charge of discrimination and/or retaliation with the EEOC and FCRH based on his disability, perceived disability, and/or record of disability, and for having filed a good faith complaint about the conduct of an Oracle Partner, pursuant to the ADA, FCRA, and Title VII. Plaintiff intends to amend this Complaint following the expiration of 180-days following the filing of the EEOC charge to add these claims.

27.     Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant terminated Plaintiff's employment while Plaintiff was on qualified and approved leave under the FMLA.

28.     Additionally, Defendant interfered with Plaintiff's lawful exercise of his FMLA right by failing to restore Plaintiff to his position or an equivalent position.

29.     Defendant's actions constitute violations of the FMLA.

30.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against Defendant, ORACLE AMERICA, INC.:

  a.     Back pay and benefits;

  b.     Prejudgment interest on back pay and benefits;

  c.     Front pay and benefits;

  d.     Liquidated damages;

  e.     Attorneys' fees and costs;

  f.     Injunctive relief; and

  g.     For any other relief, this Court deems just and equitable.

**COUNT II**
**FAMILY MEDICAL LEAVE ACT - RETALIATION**

31.     Plaintiff, TIMOTHY SHAULIS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

32.     Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to formally discipline Plaintiff and terminate Plaintiff's employment.

33.     Defendant's actions constitute a violation of the FMLA.

34.     As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against

Defendant, ORACLE AMERICA, INC.:

    a.      Back pay and benefits;

    b.      Prejudgment interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Liquidated damages;

    e.      Attorneys' fees and costs;

    f.      Injunctive relief; and

    g.      For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

20.     Plaintiff, TIMOTHY SHAULIS, demands a trial by jury on all issues so triable.

Dated this 13th day of June 2017.

FLORIN, GRAY, BOUZAS, OWENS, LLC

**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:      wolfgang@fgbolaw.com
Secondary:    debbie@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:      chris@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: Lindsay@fgbolaw.com
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 5136

greg@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff