UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY SHAULIS,

    **Plaintiff,**

v.                              Case No.: 8:17-cv-01421-CEH-AEP

ORACLE AMERICA, INC.,

    **Defendant.**

_____/

## DEFENDANT ORACLE AMERICA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Oracle America, Inc. ("Oracle"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 8 and 12, files this Answer to the consecutively-numbered paragraphs of Plaintiff Timothy Shaulis' ("Plaintiff") Complaint, and asserts its defenses as follows:

### JURISDICTION AND VENUE

1.    Oracle admits that jurisdiction is proper in this Court. Oracle denies any wrongdoing and further denies that Plaintiff is entitled to any of the relief requested.

2.    Oracle admits that venue is proper in this Court; otherwise denied.

### PARTIES

3.    Oracle has insufficient information or knowledge regarding Plaintiff's residence. Oracle admits that Plaintiff was its employee in Hillsborough County, Florida. Oracle denies the remaining allegations in Paragraph 3.

4.    Admitted.

5. Admitted.

## GENERAL ALLEGATIONS

6. Denied.

7. Denied.

8. Oracle has insufficient information or knowledge with regard to the allegations in Paragraph 8 and, therefore, they are denied.

9. Oracle admits that Plaintiff demanded a jury trial. Oracle denies there are triable issues to present to a jury.

## FACTUAL ALLEGATIONS

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14. Oracle has insufficient information or knowledge with regard to the allegations in Paragraph 14 and, therefore, they are denied.

15. Admitted that Oracle was aware that Plaintiff was embroiled in a divorce; otherwise denied.

16. Denied.

17. Oracle has insufficient information or knowledge with regard to the allegations in Paragraph 17 and, therefore, they are denied.

18. Denied.

19. Admitted that following being placed on administrative leave, Plaintiff applied for FMLA leave. Admitted further that The Hartford determined Plaintiff met initial eligibility under the FMLA due to Plaintiff's length of employment; otherwise denied.

20. Oracle has insufficient information or knowledge with regard to the allegations in Paragraph 20 and, therefore, they are denied.

21. Oracle admits that it terminated Plaintiff's employment. Oracle denies the remaining allegations in Paragraph 21.

## COUNT I

## ALLEGED FMLA INTERFERENCE

22. Oracle realleges and incorporates it responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Oracle admits that Plaintiff was eligible for leave under the FMLA due to his length of employment. Oracle denies that it interfered with Plaintiff's FMLA rights or any others. Oracle denies the remaining allegations in Paragraph 23.

24. Oracle admits that Plaintiff was eligible for leave under the FMLA. Oracle denies that it interfered with Plaintiff's FMLA rights or any others. Oracle denies the remaining allegations in Paragraph 24.

25. Oracle admits that it is subject to the provisions of the FMLA; otherwise denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied. Oracle also denies the allegations in the WHEREFORE clause, including subparts (a) through (g), following Paragraph 30.

## COUNT II

## ALLEGED FMLA RETALIATION

31. Oracle realleges and incorporates it responses to Paragraphs 1 through 21 as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied. Oracle also denies the allegations in the WHEREFORE clause, including subparts (a) through (g) following Paragraph 34.

## JURY TRIAL DEMAND

20.[1] Oracle admits that Plaintiff demanded a jury trial. Oracle denies there are triable issues to present to a jury.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations contained in Plaintiff's Complaint are hereby denied.

---

[1] Plaintiff's Complaint incorrectly labeled the Demand for Jury Trial as Paragraph 20. This Answer will use the same numbering scheme for continuity's sake.

## STATEMENT OF DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Oracle alleges the following:[2]

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Oracle to the extent Plaintiff has failed to allege specific facts to support each and every element of his claims.

## SECOND DEFENSE

Plaintiff's claims and the relief sought are barred, in whole or in part, because Oracle, at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff or interfere with Plaintiff's FMLA rights. Therefore, Oracle should not be liable for liquidated damages.

## THIRD DEFENSE

The claims asserted in the Complaint and the request for relief are barred, in whole or in part, to the extent Plaintiff failed to satisfy his duty to mitigate damages.

## FOURTH DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.

---

[2] By asserting these defenses, Oracle does not intend to shift the applicable burden of proof regarding Plaintiff's claims.

**FIFTH DEFENSE**

Oracle would have arrived at the same decision and taken the same employment actions against Plaintiff in the absence of the alleged improper motive. The fact that Plaintiff took FMLA leave was not a factor at all in Oracle's decision to terminate Plaintiff's employment.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are not actionable or otherwise cease to have any legal effect to the extent they fall outside the applicable statute of limitations.

**SEVENTH DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, because any loss resulted from Plaintiff's own actions of poor performance.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges that any employees of Oracle acted in a discriminatory or retaliatory manner toward him, such alleged conduct, which is denied, was outside the course and scope of the employee's employment and/or was not condoned or ratified by Oracle and/or was undertaken without the knowledge or consent of Oracle, and accordingly, Oracle is not liable.

**NINTH DEFENSE**

Plaintiff received all of the leave he requested and/or was entitled to under the FMLA.

**TENTH DEFENSE**

Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence and/or unclean hands.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**TWELFTH DEFENSE**

Plaintiff has failed to satisfy all conditions precedent prior to filing this action inasmuch as Plaintiff has alleged in conclusory terms that all conditions precedent were satisfied or met without providing any factual allegations or exhibits in support thereof.

**THIRTEENTH DEFENSE**

Plaintiff fails to state a claim upon which an award of attorneys' fees can be granted.

**FOURTEENTH DEFENSE**

Oracle has made good faith efforts to prevent FMLA interference and retaliation in the workplace, and thus cannot be liable for the decision of its agents to the extent the challenged employment decision was contrary to its efforts to comply with anti-interference and retaliation laws.

**FIFTEENTH DEFENSE**

Any actions undertaken by Oracle with regard to Plaintiff were taken for legitimate, non-retaliatory, non-discriminatory business reasons.

**SIXTEENTH DEFENSE**

Oracle has a well-disseminated and consistently enforced policy against discrimination or retaliation and interference with FMLA rights, as well as a reasonable and available procedure for receiving and investigating complaints of alleged retaliation and FMLA interference.  To the extent Plaintiff failed to use or otherwise avail himself of those policies

and procedures, his claims of retaliation and interference fail and/or his recovery of damages is limited.

## **SEVENTEENTH DEFENSE**

Plaintiff's interim earnings, or amounts he could have earned with reasonable diligence, should reduce any back pay otherwise recoverable by Plaintiff.

WHEREFORE, having answered the Complaint, Defendant Oracle America, Inc. prays for judgment as follows:

1. That judgment be entered in favor of Oracle and against Plaintiff and that the Complaint be dismissed with prejudice;

2. That Oracle be awarded its attorneys' fees incurred in defending against this action;

3. That Oracle be awarded its costs of suit; and

4. For such other and further relief as the Court deems proper.

Respectfully submitted this 24th day of July, 2017.

**JACKSON LEWIS P.C.**

*/s/ Laura E. Prather*
Laura E. Prather, B.C.S.
LEAD TRIAL COUNSEL
Florida Bar No. 870854
E-mail: laura.prather@jacksonlewis.com
Andrew R. Lincoln, Esq.
Florida Bar No: 0069588
E-mail: andrew.lincoln@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602

> Telephone: 813-512-3210
> Facsimile: 813-512-3211
>
> *Attorneys for Defendant, Oracle America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2017, I electronically filed *Defendant Oracle America, Inc.'s Answer and Defenses to Plaintiff's Complaint* with the Clerk of Court through the CM/ECF system, which will automatically send an electronic notice to all counsel of record.

> */s/ Laura E. Prather*
> Attorney