**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TIMOTHY SHAULIS,**

    **Plaintiff,**

v.                                         Case No.: 8:17-cv-01421-CEH-AEP

**ORACLE AMERICA, INC.,**

    **Defendant.**

_____/

**DEFENDANT ORACLE AMERICA, INC.'S
MOTION TO COMPEL DISCOVERY RESPONSES AND MANDATORY
RULE 26 INITIAL DISCLOSURES**

Defendant, Oracle America, Inc., through its counsel and pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 3.01, moves for entry of an order compelling Plaintiff Timothy Shaulis to provide mandatory initial disclosures pursuant to Rule 26 and to fully respond to Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents.[1]  Oracle also requests an award of its reasonable attorneys' fees incurred in bringing this Motion.

    1.    Pursuant to the Court's October 27, 2017, Case Management & Scheduling Order (D.E. 14), the parties were ordered to exchange mandatory initial disclosures by November 27, 2017.

    2.    Defendant provided its mandatory initial disclosures on November 27, 2017.

---

[1] Pursuant to Local Rule 3.04, though the content of the discovery requests may not be at issue in this Motion given the absence of any responses whatsoever, in an abundance of caution, Defendant attaches as **Exhibits A and B** respectively, the complete First Set of Interrogatories and First Request for Production of Documents served on Plaintiff.

3. Plaintiff's counsel's office requested a one week extension with respect to their initial disclosures on November 27, 2017. A copy of the e-mail is attached as **Exhibit C**.

4. On January 10, 2018, after Plaintiff did not provide his initial disclosures, the undersigned's office sent an e-mail to Plaintiff's counsel asking about the status. A copy of the e-mail is attached as **Exhibit D**.

5. As of the date of this Motion, Plaintiff has still not provided his mandatory initial disclosures.

6. On September 15, 2017, Oracle served on Plaintiff's counsel (a) Defendant's First Set of Interrogatories and (b) Defendant's First Request for Production of Documents (collectively, the "Discovery").

7. Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(a), Plaintiff's responses to the Discovery were initially due no later than October 16, 2017.

8. Plaintiff did not serve any responses to the Discovery and did not produce any responsive documents.

9. The undersigned conferred with Plaintiff's counsel on January 11, 2018, regarding Plaintiff's failure to respond to the Discovery. A copy of the January 11, 2018, e-mail is attached as **Exhibit E**.

10. Plaintiff's counsel responded the following day and stated, "I think we should be able to get responses out next week." A copy of the January 12, 2018, e-mail is attached as **Exhibit F**.

11. On January 19, 2018, after Plaintiff again failed to provide responses or responsive documents, the undersigned reached out to inquire about the ongoing issue. A copy of the January 19, 2018, e-mail is attached as **Exhibit G.**

12. That same day, Plaintiff's counsel responded and stated, "need an additional extension, but I think by next week we should have responses done." A copy of the second January 19, 2018, e-mail is attached as **Exhibit H**.

13. The undersigned responded and made clear that he would wait until Tuesday (23rd) or Wednesday (24th) for the responses, but that all of Plaintiff's objections had been waived and were more than four months past due. A copy of the e-mail is attached as **Exhibit I**.

14. On January 26, 2018, Plaintiff's counsel's office sent an e-mail asking for an additional week extension until Friday, February 2, 2018. A copy of the e-mail is attached as **Exhibit J**.

15. The undersigned responded and stated that, despite the responses being four months late and several "extensions," he would wait until the morning of February 2, 2018, before immediately moving to compel at noon. A copy of the e-mail is attached as **Exhibit K**.

16. As of the date of this Motion, despite the specific message regarding a motion to compel, Plaintiff has still failed to serve responses to the Discovery or serve responsive documents.

17. Accordingly, Oracle respectfully requests that this Court issue an Order compelling Plaintiff to immediately provide his mandatory initial disclosures, serve

responses to Defendant's Discovery and produce all responsive documents in Plaintiff's possession or control.  Additionally, Oracle seeks an award of its reasonable attorneys' fees for bringing this Motion.

## MEMORANDUM OF LAW

**I.     ORACLE REQUESTS THAT THE COURT COMPEL DISCOVERY RESPONSES.**

Rule 37 of the *Federal Rules of Civil Procedure* provides that a party who fails to respond to discovery requests made under Rules 33 or 34 of the *Federal Rules of Civil Procedure* may be compelled by the Court to do so, upon motion by the party propounding discovery.  FED. R. CIV. P. 37(a).  In the event a party fails to respond to the discovery or timely provide objections, the party waives any objections it may have.  *See Lane v. Guaranty Bank*, Case No: 6:13-cv-259-Orl-36TBS, *7-8, 2013 U.S. Dist. LEXIS 111178 (M.D. Fla. Aug. 7, 2013) (finding party who failed to respond to discovery waived any objections to the discovery).

The deadline for Plaintiff to respond to the Discovery passed without responses from Plaintiff.  Even though Plaintiff's counsel responded to Oracle's conferral efforts, Plaintiff never actually fulfilled his discovery obligations.  Accordingly, Oracle requests that the Court compel Plaintiff to provide his initial disclosures, immediately and fully respond to the Discovery, provide the responsive documents, and find that any potential objections are waived.

## II. ORACLE REQUESTS THAT THE COURT AWARD IT REASONABLE ATTORNEYS FEES ASSOCIATED WITH FILING THIS MOTION.

Fed. R. Civ. P. 37(a)(5) provides that, "if the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." *See also Lane,* Case No: 6:13-cv-259-Orl-36TBS, *7-8, 2013 U.S. Dist. LEXIS 111178 (ordering party failing to respond to discovery to pay expenses, including attorneys' fees of party bringing motion to compel).

It has been more than four months since Oracle served its Discovery. Plaintiff's counsel belatedly sought an extension, but subsequently failed to either provide responses or seek an extension from the Court. In any event, Plaintiff failed to meet his deadlines for written discovery or his initial disclosures. Oracle has been forced to incur legal fees associated with preparing this Motion and communicating with Plaintiff's counsel.

## **LOCAL RULE 3.01(g) AND FED. R. CIV. P. 37(a)(1) CERTIFICATION**

The undersigned conferred with Plaintiff's counsel on several occasions, which are noted above and attached to this Motion. However, as of the date of this Motion, Plaintiff has continuously and inexplicably failed to provide responses to the Discovery, responsive documents or his initial disclosures.

**WHEREFORE**, Defendant Oracle America, Inc. respectfully requests that the Court enter an Order:

- compelling Plaintiff to provide his mandatory initial disclosures;

- compelling Plaintiff to immediately and fully respond to Defendant's First Set of Interrogatories under oath;

- compelling Plaintiff to immediately and fully respond to Defendant's First Request for Production of Documents;

- compelling Plaintiff to immediately provide all responsive documents concurrent with his response;

- finding that Plaintiff waived all objections to the Discovery;

- requiring Plaintiff to pay Defendant's reasonable attorneys' fees and costs associated with bringing this motion – to which the Parties will confer on an amount and inform the Court of same, or if not successful, Defendant will file the appropriate supporting documentation; and

- awarding such further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of February, 2018.

                                                    **JACKSON LEWIS P.C.**

                                                    */s/ Andrew R. Lincoln*
Laura E. Prather, B.C.S.
LEAD TRIAL COUNSEL
Florida Bar No. 870854
E-mail: laura.prather@jacksonlewis.com
Andrew R. Lincoln, Esq.
Florida Bar No: 0069588
E-mail: andrew.lincoln@jacksonlewis.com

Wells Fargo Center  
100 S. Ashley Drive, Suite 2200  
Tampa, Florida 33602  
Telephone:  813-512-3210  
Facsimile:  813-512-3211  

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2018, I electronically filed *Defendant Oracle America, Inc.'s Motion to Compel Discovery Responses* with the Clerk of Court through the CM/ECF system, which will automatically send an electronic notice to all counsel of record.

/s/ Andrew R. Lincoln  
Attorney

4835-0710-1018, v. 1