UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY SHAULIS,

     Plaintiff,

v.                               **Case No.: 8:17-cv-01421-CEH-AEP**

ORACLE AMERICA, INC.,

     Defendant.

_____/

### DEFENDANT ORACLE AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Oracle America, Inc. ("Oracle"), through counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories upon Plaintiff, Timothy Shaulis ("Plaintiff"), and requests that they be answered separately, fully and under oath within thirty (30) days of service.

**I.**

**INSTRUCTIONS**

A.    <u>Completeness</u>: A blank space is provided after each interrogatory for your answer. If sufficient space is not provided, you shall attach additional paper with your answer and refer to them in the space provided in the interrogatories. You shall use the original interrogatories for your answers, which shall be returned to the undersigned.

In answering these interrogatories, Plaintiff must furnish all information available to Plaintiff, including information in the possession of Plaintiff's attorneys, investigators or all other persons acting on Plaintiff's behalf, unless such information is withheld on the



basis of a privilege or the attorney work-product doctrine. If Plaintiff cannot answer an interrogatory in full after exercising due diligence to secure the information, so state and answer to the extent possible, explaining the inability to answer the remainder, and providing whatever information and/or knowledge Plaintiff has concerning the unanswered portions. If your answer is qualified in any particular way, please set forth the details of such qualifications. Each interrogatory shall be responded to separately.

B.   Objections: If you object to part of any interrogatory and refuse to answer that part, state your objection, identify the part to which you are objecting, and answer the remaining portion of the interrogatory. If you object to the scope or time period of any interrogatory, state your objection, identify the scope or time period to which you are objecting, and answer the interrogatory for the scope or time period that you do not object to.

C.   Assertions of Privilege: If any information called for by an interrogatory is withheld on the basis of a claim of privilege or attorney work-product, under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, you are to provide sufficient information to determine the identity of the document or oral communication so claimed to be privileged, the author, the recipient(s) and its location and, as well, state the basis for any asserted claim of privilege.

II.

## DEFINITIONS

A.      Each interrogatory seeks information available to Plaintiff, his attorneys or agents, and all persons acting on his behalf.  Accordingly, as used herein, the terms "you" and "your" refer without limitation to Plaintiff Timothy Shaulis, his attorneys and agents, and all persons acting on his behalf.

B.      As used herein, the term **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns, sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts,

notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.

C.      As used herein, the words "**relating to**" shall mean concerning, pertaining, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

D.      "**Entity**" includes a natural person, corporation, partnership, governmental unit or body, group, association or any other organization.

E.      As used herein, "**identify**" when used in reference to:

a.      an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

b.      a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

c.      a document, shall mean to identify the author of the document, the date the document was prepared, the person(s) to whom the document was issued, distributed or otherwise communicated or provided, and the present location and custodian of the document.

F.      As used herein, "**identify**" means, with respect to an individual, to set forth the name, last known address and telephone number, business address and business telephone number of that individual.  If any of the above information is not available to Plaintiff, state any other means of identifying such natural person.

G.      As used herein, "**identify**," with respect to an entity other than an individual, shall mean to state the full name or title thereof, the principal place of business thereof, and the nature or type of entity, if known.

H.      "**Date**" means the day, month and year of the occurrence to which the interrogatory refers.  If any of these three (3) components of the date is unavailable, so state, and give as close an approximation as possible to the actual date.

I.     As used herein, the word "**or**" should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should be read to include the same meaning as the word "and."  For example, an interrogatory stated "support or refer" should be read as "support or refer or both."

J.     "**State the basis for**" means to (a) state each fact known to you which you contend support your position about such fact or subject; (b) state the source of your information or knowledge relating to each such fact; (c) identify all persons having knowledge of each such fact; (d) identify all communications which you contend support your position regarding such fact or subject matter.

K.     References to the plural shall include the singular and vice-versa.  "And" shall mean "and/or."  "Or" shall mean "and/or."

L.     The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

M.     The term "**facts**" means, without limitation, all circumstances, occurrences, occasions, events, incidents, oral communications, writings, episodes, experiences, happenings, transactions and all kinds of matters or things.

N.     The term "**including**" does not limit the scope of, or response to, the interrogatory.

O.     The term "**Complaint**" means the Complaint filed by Plaintiff in the above-styled action.

P.     As used herein, "**Plaintiff**" means Plaintiff Timothy Shaulis, his agents and all persons acting on his behalf.

Q.     As used herein, "**Defendant**" or "**Oracle**" means Defendant Oracle America, Inc., its agents and all persons acting on its behalf.

R.     "**Communication**" and "**communicate**" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and "documents" (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

S.     The term "**any**" shall mean "**all**" and the term "**all**" shall mean "**any**." Additionally, "**any**" and/or "**all**" shall mean "**any and all**."

### III.

### INTERROGATORIES

1.     State the name and, if known, the address and telephone number of each and every person who is known or believed by you to have witnessed the events and/or have knowledge of any facts alleged in your Complaint, and for each such person, summarize the nature and substance of their knowledge.

**ANSWER:**

2.      Give your full name and all former names you were known by, your date and place of birth,  and all addresses where you have lived for the past five (5) years, with the dates you lived at each address.

**ANSWER**:

3.     Please list your educational background providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing the dates of attendance, grades or levels completed, and degrees or certificates received.

**ANSWER**:

4.    State whether you or any attorney or representative on your behalf have obtained statements, reports, memoranda or recordings from any person, which in any way concern the facts of this case or the matters alleged in your pleadings.

If your answer is in the affirmative, separately identify:

(a) the author of each such statement, report, memorandum or recording;

(b) the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided;

(c) the present location and custodian of each such statement, report, memorandum or recording; and

(d) the date each statement, report, memorandum or recording was prepared.

**ANSWER:**

5.      Identify all persons with whom you have communicated concerning facts, issues, or other matters involved in this case and, to the extent not privileged, describe in detail the substance and date of each discussion.

**ANSWER**:

6.      Identify each person who may be called at trial to present evidence as an expert witness.  With respect to each expert identified, describe with particularity their field of expertise, academic credentials, professional credentials and publications, and the subject matter in which each expert intends to testify.  In addition, please state whether each such person has prepared a written report.

**ANSWER:**

7.    State whether you have ever been a party to or testified under oath in any legal proceeding, including, but not limited to, a bankruptcy petition, trial, deposition or administrative proceeding.

If the answer is in the affirmative, separately state in detail

   (a) the caption, court and docket number;

   (b) the name, telephone number and address of the parties;

   (c) the location or venue of the action;

   (d) the name, telephone number and address of all attorneys representing the parties; and

   (e) the general subject matter and outcome of any such legal proceeding.

   **ANSWER:**

8.      Please identify any matters, charges, lawsuits, internal investigations, claims, or allegations of harassment, discrimination and/or retaliation against any employer or former employer in which you have been involved, providing the name of the employer, the type of charges made, the date of each claim, the State, County, and case number, and the disposition of each case or action.

**ANSWER:**

9.     Have you ever been arrested for any offense or crime in any state and if yes, state date of arrest, location, charge and outcome.

**ANSWER:**

10.   Please list the names, business addresses and telephone numbers of any medical doctors, mental health professionals, health care providers and hospitals that have examined and/or treated you in the past five (5) years, along with the condition(s) for which you were treated and dates of treatment.  Please indicate whether any treatment was provided as a result of any accident or injury caused by a third party, and provide the circumstances for each injury.  Please complete the authorizations attached herein as Exhibit "A" for each physician listed.

**ANSWER**:

11.   Identify in chronological order beginning January 1, 2016 to the present, any entities or persons with whom you sought work as an employee or independent contractor, indicating as to each such entity or person, in addition to legal name and address, the following information:

      (a)   the exact or approximate date on which work was sought;

      (b)   whether you completed an employment application or submitted a resume; and

      (c)   the names and titles of all persons with whom you discussed the possibility of performing work for such entity or person.

**ANSWER:**

12.     Identify each entity or person for whom you performed work as an employee (including your own business) or as an independent contractor, during the period from January 1, 2016 to present, other than Defendant, regardless of whether taxes of any kind were withheld or W-2 forms issued and regardless of whether such work was casual, temporary, part-time or full-time, showing the dates of commencement and termination of employment.

**ANSWER:**

13.     As to each entity or person listed in your response to Interrogatory Nos. 12 for whom you are no longer performing any work, state the reason(s) your employment or independent contractor relationship terminated.

**ANSWER**:

14.     As to each entity or person listed in your response to Interrogatory Nos. 12 and/or 13, other than Defendant, list your salary or hourly wage history, including initial salary or wage, subsequent changes (including dates of each adjustment), final salary or wage, your job title(s) or position(s), your duties, and the total before tax gross income received for your work.

**ANSWER**:

15.    Identify separately any documents to which you referred, reviewed or relied upon in answering these interrogatories, or that in any way assisted you in answering any of these interrogatories.

**ANSWER**:

16.     State if you keep a diary or if you prepared any memoranda, letters or any written or electronic documents containing any reference to the acts alleged in the Complaint.

**ANSWER:**

17.     State whether you intend to rely upon any admissions and/or declarations against interest made by any party hereto.

If the answer is in the affirmative, please

    (a) identify the party and/or person making the admission, the party and/or person receiving the admission, and any documents and oral communications containing such admissions or referring or relating to them in any manner;

    (b) as to each alleged admission listed in the answer to this Interrogatory, set forth the complete substance of each such admission, and identify all persons having personal knowledge thereof; and

    (c) attach to the answers to these Interrogatories a copy of each document identified in the answer to subparagraph (a) of this Interrogatory

**ANSWER:**

18.     Identify any documents, electronically stored information, and tangible things that you have in your possession, custody, or control and may use to support your claims in this case, unless it would be solely for impeachment.

        **ANSWER:**

19.     Describe your efforts to mitigate the damages you claim you suffered as a result of the facts alleged in the Complaint filed in this case.

**ANSWER**:

20.    Describe in detail the damages that you are seeking in this case, please include any mathematical calculations, specific dollar figures, as well as identifying the source(s) of the damages.  This response should include a computation of each category of damages claimed by Plaintiff.

**ANSWER**:

21.     Identify all social media accounts you have used since January 1, 2016, including accounts on Facebook, MySpace, LinkedIn, Foursquare, Twitter, Live Journal, Tagged, My Life and Meet Up.   Please also state if you have utilized any of these accounts to post or correspond with others regarding the allegations in the Complaint and, if so, the date, content and names of individuals involved in the conversation/correspondence.

**ANSWER:**

22.     Identify the personal and health issues that are the subject of paragraph 15
in your Complaint including when the issues began.

        **ANSWER**:

## **VERIFICATION**

STATE OF _____)
COUNTY OF _____)


      **BEFORE ME,** the undersigned authority, personally appeared Timothy Shaulis,

who, after being first duly sworn, deposes and says that the foregoing answers to Oracle's

First Set of Interrogatories are true and accurate.


                        _____
                        TIMOTHY SHAULIS


      **SWORN TO AND SUBSCRIBED** before me this _____ day of
_____ 2017.


                        _____
                        NOTARY PUBLIC
                        State of Florida at Large

                        My Commission Expires:

_____ personally known to me

_____ produced identification

Respectfully submitted by:

**JACKSON LEWIS P.C.**

_/s/ Andrew R. Lincoln_
Laura E. Prather, B.C.S.
Florida Bar No. 870854
E-mail: laura.prather@jacksonlewis.com
Andrew R. Lincoln, Esq.
Florida Bar Number: 0069588
E-mail: andrew.lincoln@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:     813-512-3210
Facsimile:     813-512-3211

_Attorneys for Defendant, Oracle America, Inc._

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2017, a true and correct copy of the foregoing _First Set of Interrogatories_ was served via electronic mail to all counsel of record.

_/s/ Andrew R. Lincoln_
Attorney