UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY SHAULIS,

    Plaintiff,

vs.                                           CASE NO.: 8:17-cv-01421-CEH-AEP

ORACLE AMERICA, INC.,

    Defendant.

_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, TIMOTHY SHAULIS, by and through his undersigned attorney, and sues the Defendant, ORACLE AMERICA, INC., a Foreign corporation (hereinafter referred to collectively as "ORACLE" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this

3. Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment



Opportunity Commission and the Florida Commission on Human Relations. A copy of the charge is attached as Exhibit "A".

6. A notification of Right to Sue was received from the Equal Employment Opportunity Commission or about March 2, 2018 and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

7. More than 180 days have passed since the filing of this charge.

## PARTIES

8. Plaintiff, TIMOTHY SHAULIS ("SHAULIS"), is a resident of Hillsborough County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

9. Defendant, ORACLE AMERICA, INC., is a Foreign Profit corporation authorized and doing business in this Judicial District.

10. At all times material, Plaintiff, TIMOTHY SHAULIS, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

11. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

12. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

13. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

15. Plaintiff, TIMOTHY SHAULIS, began his employment with Defendant in 2004.

16. At all times material, Plaintiff worked at Defendant's facility in Tampa, Florida as Regional Sales Director until his termination on or around December 2, 2016.

17. Plaintiff excelled in this position.

18. Plaintiff's immediate supervisor was Tim Brown, Group Vice President, Business Analytics.

19. During mid-2016, Plaintiff began suffering from a serious health condition and disability.

20. Plaintiff's supervisors were well-aware that Plaintiff was coping with personal and health issues.

21. In fact, Plaintiff's supervisor, Tim Brown actively encouraged Plaintiff to seek medical treatment for his serious medical condition.

22. In or around early November, 2016, Plaintiff's health condition deteriorated.

23. As a result, on or around November 9, 2016, Plaintiff informed his supervisor, Tim Brown, that he would require medical leave to seek treatment for his serious health condition.

24. Plaintiff immediately sought, and was approved for FMLA leave through The Hartford, Defendant's third-party FMLA administrator.

25. In or around early November 2016, Plaintiff's medical condition worsened.

26. On or about November 9, 2016, Plaintiff complained to Mr. Brown that an individual Oracle "Platinum Partner" was having an affair with his wife and that he required medical leave to seek treatment for his serious health condition.

27. Shortly thereafter, Mr. Brown informed Plaintiff that he wished that Plaintiff had not complained about this issue.

28. On November 15, 2016, Plaintiff entered an in-patient healthcare treatment facility.

29. On December 2, 2016, while on FMLA leave, Tim Brown terminated Plaintiff after 13-years of employment.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

30. Plaintiff, TIMOTHY SHAULIS, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

31. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

32. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

33. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar

year.

34. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

35. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant terminated Plaintiff's employment while Plaintiff was on qualified and approved leave under the FMLA.

36. Additionally, Defendant interfered with Plaintiff's lawful exercise of his FMLA right by failing to restore Plaintiff to his position or an equivalent position.

37. Defendant's actions constitute violations of the FMLA.

38. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against Defendant, ORACLE AMERICA, INC.:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

**COUNT II**
**FAMILY MEDICAL LEAVE ACT - RETALIATION**

39. Plaintiff, TIMOTHY SHAULIS, re-alleges and adopts, as if fully set forth

herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

40. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to formally discipline Plaintiff and terminate Plaintiff's employment.

41. Defendant's actions constitute a violation of the FMLA.

42. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against Defendant, ORACLE AMERICA, INC.:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT III
### FLORIDA CIVIL RIGHTS ACT - RETALIATION

43. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs one (1) through twenty-nine (29).

44. Plaintiff engaged in protected activity by opposing an employment practice made

unlawful by the Florida Civil Rights Act, or for which Plaintiff had a good faith reasonable belief was a practice made unlawful by the Florida Civil Rights Act, and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission.

45. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when he was terminated from his employment.

46. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, Florida Statutes.

47. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, TIMOTHY SHAULIS, demands a trial by jury and judgment against Defendant, ORACLE AMERICA, INC., for:

    a. Back pay and benefits;

    b. Interest in back pay and benefits;

    c. Front pay and future benefits;

    d. Loss of future earning capacity;

    e. Emotional pain;

    f. Suffering;

    g. Attorneys' fees and costs;

    h. Punitive damages;

    i.      Inconvenience; and

    j.      For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII - RETALIATION

48. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

49. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII or for which Plaintiff had a good faith reasonable belief was an employment practice made unlawful by Title VII, and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission.

50. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when he was terminated from his employment.

51. The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq.*

52. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, TIMOTHY SHAULIS, prays for the following damages against Defendant, ORACLE AMERICA, INC.:

    a.      Back pay and benefits;

    b.      Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorneys' fees;

  g. Punitive damages; and

  h. For any other relief this Court deems just and equitable.

## COUNT V
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

54. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 et seq.

55. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

56. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Plaintiff's mental impairment substantially limited one or more major life activities and one or more major bodily functions.

57. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

58. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant failed to reasonably accommodate Plaintiff's

disabilities, by among other things, altering its rules, policies, or procedures, and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

59. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

60. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

61. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

62. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT VI
## FCRA DISCRIMINATION – HANDICAP

63.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

64.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

65.     Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

66.     Plaintiff is an individual with a handicap within the meaning of the Florida Civil Rights Act. Plaintiff's mental impairment substantially limited one or more major life activities and one or more major bodily functions.

67.     Plaintiff was a qualified individual with a handicap within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

68.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of his known handicap, and/or because Defendant regarded him as having a handicap, and/or because of Plaintiff's record of having a handicap in violation of the Florida Civil Rights Act. Specifically, Defendant failed to reasonably accommodate Plaintiff's actual, perceived, or record of handicap and failed to engage in an interactive process in determining a reasonable accommodation. Furthermore, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

69.     The above described acts of discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

70. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

71. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff.

72. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

73. Plaintiff, TIMOTHY SHAULIS, demands a trial by jury on all issues so triable.

Dated this 25th day of May 2018.

          **FLORIN, GRAY, BOUZAS, OWENS, LLC**

          <u>s/ Miguel Bouzas</u>
          **MIGUEL BOUZAS, ESQUIRE**
          Florida Bar No.: 48943
          Primary: miguel@fgbolaw.com
          Secondary: gina@fgbolaw.com
          **WOLFGANG M. FLORIN, ESQUIRE**
          Florida Bar No.: 907804
          Primary: wolfgang@fgbolaw.com
          Secondary: debbie@fgbolaw.com
          **CHRISTOPHER D. GRAY, ESQUIRE**
          Florida Bar No.: 902004
          Primary: chris@fgbolaw.com
          **GREGORY A. OWENS, ESQUIRE**
          Florida Bar No.: 5136
          greg@fgbolaw.com
          16524 Pointe Village Drive, Suite 100
          Lutz, FL 33558
          Telephone (727) 254-5255
          Facsimile (727) 483-7942
          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 25, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Laura E. Prather, Esquire and Andrew R. Lincoln, Esquire at the following email addresses: laura.prather@jacksonlewis.com, and andrew.lincoln@jacksonlewis.com.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary:        miguel@fgbolaw.com
Secondary:    gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 0051366
greg@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | |
| [X] EEOC | |

**Florida Commission on Human Relations and EEOC**
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Timothy Shaulis | (813) 748-1211 | March 25, 1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2021 N. Lemans Boulevard #6111 | Tampa, FL 33607 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Oracle America, Inc. | 1000+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 500 Oracle Parkway | Redwood Shores, CA 94065 |

DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Approx 11/1/16   Latest: 12/2/2016
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Statement of Harm:**

I began my employment with the Respondent in or around 2004 as a Salesman. I was a top performer, excelled in my position and was promoted to Regional Sales Manager (M3) in or around 2011. I worked out of Oracle's Tampa, FL facility.

In mid-2016, I began to suffer from a serious medical condition. My supervisor, Tim Brown, was well-aware of my serious health condition and the manifestation of my health condition. In fact, Mr. Brown actively encouraged me to seek medical attention and leave for my serious health condition.

In or around early November 2016, my medical condition worsened. On or around November 9, 2016, I complained to my supervisor, Mr. Brown, that an individual Oracle "Platinum Partner" was having an affair with my wife and that I required medical leave to seek treatment for my serious health condition. Shortly thereafter, Mr. Brown informed me that he wished I had not complained about this issue. I was approved for FMLA leave and on or around November 15, 2016, I entered an in-patient healthcare treatment facility.

On December 2, 2016, while out on approved FLMA leave, Mr. Brown terminated me.

**Respondent's reason for Adverse Action:** I was told there were some "performance issues," though I was not disciplined for alleged "performance issues" until I disclosed my serious medical condition, sought leave, and complained about a Company partner having an affair with my wife.

EXHIBIT A

**Statement of Discrimination:** I believe I have been discriminated against because of (basis) in violation of (Statute)

I believe I was discriminated against because of my disability, record of disability, and/or because I was regarded as disabled, denied a reasonable accommodation, retaliated against for requesting leave and an accommodation to address my disability, and ultimately terminated in violation of Americans with Disabilities Act of 1990, as amended ("ADA"), and the Florida Civil Rights Act of 1992, as amended, Florida Statutes Chapter 760 (the "FCRA"). I also believe I was terminated in retaliation for making a good faith complaint of sexual discrimination/harassment by complaining that an Oracle Platinum Partner was having an affair with my wife, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the FCRA.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7-12-2017    *[signature]*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT   *[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

7/12/17   *[signature]*

R SANCHEZ
MY COMMISSION # FF193258
EXPIRES January 27, 2019
(407) 398-0153   FloridaNotaryService.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Timothy Shaulis<br>2021 N. Lemans Blvd.<br>#6111<br>Tampa, FL 33607 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2017-02416 | Beverly Collins, Investigator | (813) 202-7917 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*     MAR 0 2 2018

Evangeline Hawthorne, Director     (Date Mailed)

Enclosures(s)

cc:    Human Resources Director<br>ORACLE AMERICA, INC.<br>500 Oracle Parkway<br>Redwood City, CA 94065

Nicole M. Villa, Esq.<br>JACKSON LEWIS PC<br>100 S. Ashley Drive<br>Suite 2200<br>Tampa, FL 33602

Miguel Bouzas, Esq.<br>FLORIN, GRAY, BOUZAS & OWENS, LLC<br>16524 Pointe Village Dr.<br>Suite 100<br>Lutz, FL 33558



EXHIBIT B